22-942-cv
*Whitaker v. On The Right Track Systems, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-three.

PRESENT:     PIERRE N. LEVAL,
             JOSÉ A. CABRANES,
             WILLIAM J. NARDINI,
                      *Circuit Judges.*

---

JENNIFER L. WHITAKER.,

                *Plaintiff-Appellant,*                      22-942-cv

        v.

ON THE RIGHT TRACK SYSTEMS, INC.,

                *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          ANDREW M. BURNS, Burns & Schultz
                                      LLP, Pittsford, NY.

**FOR DEFENDANT-APPELLEE:**           PETER M. LEVINE, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Jennifer Whitaker ("Whitaker") sued On The Right Track Systems, Inc. ("OTRTS") asserting contract and quasi contract claims related to a patent license agreement for a shower curtain design. She seeks at least $155,010.56 from OTRTS in allegedly unpaid minimum royalties.

In 2010, Whitaker obtained a patent for a shower curtain designed for people who sit when showering. She assigned the patent to Curtain Cuts LLC ("Curtain Cuts"), a Virginia limited liability company that she solely formed and owned. Curtain Cuts then entered into a patent license agreement with OTRTS ("the Agreement"). The Agreement obligated OTRTS to pay Curtain Cuts royalties based on sales, but, in no event, would royalties for any calendar year during the term of the patent be less than certain minimum amounts. In 2012, OTRTS began to pay royalties directly to Whitaker, at her request. The Commonwealth of Virginia State Corporation Commission later issued a certificate "cancelling" Curtain Cuts. OTRTS continued to pay Whitaker personally, but allegedly paid significantly less each year than the Agreement required OTRTS to pay Curtain Cuts.

Whitaker subsequently brought claims against OTRTS for breach of contract, unjust enrichment, and *quantum meruit*. The District Court dismissed the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the additional underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6). *See Shara v. Maine-Endwell Cent. Sch. Dist.,* 46 F.4th 77, 82 (2d Cir. 2022). In doing so, we accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See id.* "The 'complaint must [nonetheless] contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Dejesus v. HF Mgmt. Servs., LLC,* 726 F.3d 85, 87 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alteration in original). In this sense, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Having conducted an independent and *de novo* review, we find, for substantially the same reasons as the District Court, that Whitaker has failed to state a claim for failure to pay minimum royalties, unjust enrichment, or *quantum meruit*.

**CONCLUSION**

We have reviewed all of the arguments raised by Whitaker on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 15, 2022 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court